# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### (Northern Division)

| | |
|---|---|
| **HENRY L. BLAKE JR.** <br> 106 Rosewood Street <br> Annapolis, MD 21401 | \* <br> \* <br> \* <br> \* |
| Plaintiff, | \*      **Case No:** <br> \* |
| v. | \* <br> \* |
| **BROADWAY SERVICES, INC.** <br> 3709 E. Monument Street <br> Baltimore, MD 21205 | \*      **COMPLAINT &** <br> \* <br> \*      **JURY DEMAND** <br> \* |
| *Serve on Resident Agent:* <br>    Mr. Kirk Peter Seidl <br>    3709 E. Monument Street <br>    Baltimore, MD 21205 | \* <br> \* <br> \* <br> \* <br> \* |
| Defendant. | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* \*\*\*\*\*\*\*\*\* \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### COMPLAINT

Plaintiff, HENRY L. BLAKE, JR., by and through his attorneys, Mark W. Howes, Esquire, and the Law Offices of Mark W. Howes, LLC., files this Complaint against Defendant, Broadway Services, Inc., pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 *et seq.*, the Maryland Wage and Hour Law (MWHL), MD. CODE ANN., §§ 3-401 *et seq.*, and the Maryland Wage Payment and Collections Law (MWPCL), MD. CODE ANN., §§ 3-501 *et seq.*, and asserts the following:

## I.    INTRODUCTION

Plaintiff Blake brings this suit in order to recover damages resulting from Defendant's failure to properly compensate him for the full amount of wages earned under the FLSA, the

Maryland Wage and Hour Law, and the Maryland Wage Payment and Collections Law, referenced above.

## II.    PARTIES, JURISDICTION, AND VENUE

1.    Plaintiff Blake is a resident of Annapolis, Maryland, and worked for Defendant in Annapolis in Defendant's Annapolis Towne Centre Property Security division.

2.    Defendant Broadway Services, Inc., is a Maryland corporation doing business in Annapolis, Maryland.  Defendant operates in the provision of commercial security services, providing such services at the Annapolis Towne Centre in Parole.

3.    This Court has subject matter jurisdiction over questions involving the interpretation of the FLSA pursuant to 28 U.S.C. § 1331.  This Court has jurisdiction over Plaintiff Blake's MWHL and MWPCL claims pursuant 28 U.S.C. § 1367 because those state law claims arise from the same set of operative facts as the FLSA claim over which this Court has original jurisdiction.

4.    Venue is proper in this Court under 28 U.S.C. § 1391 because the events and omissions supporting this Complaint all occurred within this District and Defendant is subject to personal jurisdiction in this District.

## III.    FACTS

5.    Defendant Broadway engages in business commonly involving interstate commerce and has an annual gross volume of business in excess of $500,000.00.

6.    Plaintiff Blake began working for Defendant as an account manager starting in February of 2014 in the security division at an hourly rate of $19.00.  During Mr. Blake's tenure as an account manager, he received one pay increase on or about November 21st, 2015, to a

2

resulting $21.00 an hour. Plaintiff Blake remains an active employee of the Defendant at the time of the filing of this Complaint.

7.      As an account manager, Plaintiff Blake's duties are generally routine and include supervising subordinates, creating work schedules, directing traffic, investigating minor incidents, setting up special events, crowd control and generally ensuring the protection of life and property at the Annapolis Towne Centre located in Annapolis, Maryland.

8.      Although Plaintiff Blake had previously served as a security officer and was an experienced security provider, there were no particular pre-requisites other than experience for the position of account manager with the Defendant.

9.      From the beginning of his employment in February 2014 to the present, Plaintiff Blake has worked at least or in excess of forty (40) hours per week, for which the Defendant has consistently paid him for each hour at the rate of $19.00 per hour, or his latest rate since November of 2015, at $21.00/hr.

10.      From the beginning of his employment in February 2014, Plaintiff has also regularly worked various hours in excess of forty (40) each week, with the amount of such additional hours fluctuating each week depending on the Defendant's operational needs. For each hour in excess of the first forty (40), Plaintiff was paid at an hourly rate of $19.00 per hour until November 2015, then at his increased $21.00, standard straight time hourly rate.

11.      According to the paystubs issued to Plaintiff by Defendant, for the period from January 1st, 2015 through December 2017, Plaintiff Blake worked an average of 21.6 hours per week over and above forty (40) hours per week, for a total number of overtime hours during that time period of 3,386 hours.

12.    Plaintiff was never advised at the time of his hiring that he was anything other than an hourly employee and each and every paycheck he received reflected an hourly wage for all hours worked at either the $19.00 or $21.00 hour rate depending on when it was earned – either pre-raise or post raise.

13.    Plaintiff was never guaranteed a minimum of forty (40) hours per week by the Defendant.

14.    When Plaintiff questioned the Defendant in late 2017 about not being paid at the overtime rate, Plaintiff was told that the Defendant did not have to pay overtime to Plaintiff because he was an employee who was exempt from coverage under the FLSA.

15.    Plaintiff Blake is not an employee exempt from the protections of the federal Fair Labor Standards Act (FLSA), nor is he exempt from the protections of the state's Maryland Wage & Hour Law (MWHL) or the Maryland Wage Payment Collections Law (MWPCL). Consequently, Plaintiff is an employee of Defendant who is owed an additional $34,980.54. for overtime wages that Defendant – upon proper demand -  continues to refuse to pay.

16.    In addition to being owed such funds by the Defendant, Plaintiff Blake has incurred substantial legal fees in his attempts to collect what is owed to him under the law.

## IV.    CAUSES OF ACTION

### COUNT ONE - VIOLATION OF THE FLSA

17.    Each of the preceding paragraphs are incorporated as if restated herein, and further Plaintiff Blake asserts:

18.     Plaintiff is an account manager with Defendant in the security field and is due overtime compensation under the FLSA.  As a non-exempt employee for Defendant, Plaintiff Blake is entitled to compensation for any and every hour worked in excess of forty (40) hours in a single work week at an overtime rate of one and one-half times his regular rate; a rate indicated by Defendant in Plaintiff Blake's pay stubs to initially have been $19.00 per hour and subsequently $21.00 per hour.

19.     Plaintiff Blake worked in excess of 3386 hours of overtime and was compensated at a calculated rate of $19.00 (then $21.00) per hour and not the $28.50 (then $31.50) an hour rate at which he was entitled to be paid under the law.

20.     Due to Defendant's repeated notice of failure to pay overtime, Defendant's failure to pay Plaintiff Blake at an overtime rate is a willful violation of the FLSA, 29 U.S.C. § 207 (a)(1).

**WHEREFORE**, Plaintiff Blake respectfully requests that this Honorable Court enter an order of judgment, in his favor and against Defendant, granting to Plaintiff Blake an amount, to be determined at trial, equal to the overtime wages required under the FLSA; an additional amount equal to the overtime wages required under the FLSA as liquidated damages; reasonable attorney's fees and costs associated with bringing this action; and any additional relief this Honorable Court sees fit to award.

## COUNT TWO- VIOLATION OF THE MWHL

21.     Plaintiff Blake incorporates and reasserts the preceding paragraphs as if each were fully stated herein, and further alleges:

22.     Defendant was aware of Plaintiff Blake's hours and duties, or reasonably should have been aware of them, and required him to work hours in excess of forty (40) hours per week.

23.     Plaintiff Blake was never paid overtime at the proper rate by Defendant for the hours that he worked in excess of forty (40) hours per week.

24.     Defendant's failure to pay overtime to Employee was a willful and intentional violation of the MWHL, Maryland Labor & Employment, MD. CODE ANN., §§ 3-401 *et seq.*

**WHEREFORE**, Plaintiff Blake respectfully requests that this Honorable Court enter an order of judgment, in his favor and against Defendant, granting to Plaintiff Blake an amount, to be determined at trial, equal to the wages required under the MWHL; an additional amount equal to the wage required under the MWHL as liquidated damages; reasonable attorney's fees and costs associated with bringing this action; and any additional relief this Honorable Court sees fit to award.

### COUNT THREE - VIOLATION OF THE MWPCL

25.     Plaintiff Blake incorporates and reasserts the preceding paragraphs as if each were fully stated herein, and further alleges:

26.     Pursuant to the MWPCL, Defendant was required to pay Plaintiff Blake all amounts owed to him for work performed on a regular basis.

27.     Defendant has failed and refused to pay Plaintiff Blake at an overtime rate for the hours he worked in excess of 40 hours each workweek over the course of his employment with Defendant.

28.     At no time during Plaintiff Blake's employment did Defendant have or provide notice of any policy limiting Plaintiff's entitlement to his overtime pay.

29.    Defendant is in violation of the MWPCL, Maryland Labor & Employment Article, MD. CODE ANN., §§ 3-501 *et seq.*

30.    As of the filing of this Complaint, two or more weeks have passed since Defendant should have paid wages owed.

31.    This wage-theft was done willfully in absence of a bona fide – legitimate – dispute.

**WHEREFORE,** Plaintiff Blake respectfully requests that this Honorable Court enter an order of judgment, in his favor and against Defendant, granting to Plaintiff Blake: his overtime wages and vacation pay due as determined at trial; an additional amount raising his total damages to not more than three (3) times the amount of overtime wages determined to be due; his reasonable attorney's fees and costs associated with bringing this action; and, any additional relief this Honorable Court sees fit to award.

Respectfully submitted,

_____ /s/ _____
Mark W. Howes, Esquire
Law Offices of Mark W. Howes, LLC.
1906 Towne Centre Blvd – Suite 275
Annapolis, MD 21401
Telephone (410) 266-1041
Fax (410) 266-1449
mwhowes@markhoweslaw.com
Federal Bar # 09489
Attorneys for Plaintiff